959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry Duwayne CAUDLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6042.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Perry Duwayne Caudle, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Caudle and two codefendants of bank robbery in December 1975. He was sentenced to 25 years imprisonment. A panel of the Sixth Circuit reversed the convictions and remanded the case for a new trial. In June 1977, Caudle was again convicted and sentenced to 25 years. The Sixth Circuit affirmed this conviction on appeal and Caudle's motion for a new trial was overruled. His motion to vacate sentence, filed in May 1980, was denied in a judgment entered June 12, 1980.
 
 
 4
 Caudle's present motion to vacate sentence was filed on March 26, 1990. As grounds for relief, he argues that he never had an opportunity to see his presentence investigation report (PSI), that it contained factual inaccuracies, and that the trial judge relied upon these inaccuracies in imposing sentence. The district court issued an order giving Caudle an opportunity to show cause why his motion should not be dismissed under Rule 9, Rules Governing Section 2255 Cases, as both a delayed and a successive motion to which Caudle responded. The government's response to the motion to vacate argued that the United States was prejudiced by Caudle's unreasonable delay in filing.
 
 
 5
 In a report filed February 14, 1991, the magistrate judge recommended that Caudle's motion be denied as a successive motion under Rule 9(b), Rules Governing Section 2255 Motions. The magistrate judge noted that Caudle had raised the issues of erroneous sentencing and factual inaccuracies in the PSI in his 1980 motion, which was denied on the merits. Caudle's objections to this report were addressed to the issue of delayed, rather than successive, motion. The district court overruled the objections, accepted the magistrate judge's report, and denied Caudle's motion to vacate.
 
 
 6
 On appeal, Caudle continues to argue the merits of his motion. In his brief, he requests copies of the sentencing transcript and PSI at government expense. In addition, Caudle has submitted a motion to compel the government to file an adequate appendix.
 
 
 7
 Upon review, we affirm the district court's order because Caudle's motion is successive within the meaning of Rule 9(b), Rules Governing Section 2255 Cases, and he has failed to show that his issues warrant reconsideration.
 
 
 8
 Accordingly, the request for a transcript at government expense is denied. The motion to compel the government to file an adequate appendix is denied as moot. The district court's order, entered August 19, 1991, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation